LANE et al. v. RAILROAD RETIREMENT BOARD.

No. 11140.

United States Court of Appeals Sixth Circuit.

Dec. 8, 1950.

820

Harold C. Heiss, Russell B. Day, Cleveland, Ohio, for petitioners.

Myles F. Gibbons, David B. Schreiber, Paul M. Johnson, and Richard F. Butler, all of Chicago, Ill., for respondent.

Before SIMONS, McALLISTER, and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Petitioners seek review[1] of the findings of the Railroad Retirement Board that Edward Everett Lane, deceased, was not, on August 29, 1935, "in the employment relation" to an employer, the Detroit, Toledo & Ironton Railroad Company, as those terms are defined in the Act, and that, consequently, he was not entitled to an annuity, under its provisions.

The facts briefly are as follows: Lane had been actively employed as a locomotive engineer by the above named railroad for some years prior to October, 1931, and during that month, he stopped working because of ill health. At that time, he was sixty years of age. He never worked again for the railroad in question, or for any other employer under the Railroad Retirement Act. From the time he stopped work, he was granted repeated leaves of absence, which finally expired July 4, 1933. Shortly before the expiration of the last leave of absence, he turned in the company property which had been issued to him, including his switch key and book of rules, to the Road Foreman of Engineers of the railroad, and informed him that he "could never ride locomotives any more." The foreman reported to the office of the railroad that Lane had resigned, and a record was then entered in Lane's personal file that he was retired on June 4, 1933, and this record was initialed by the Operating Vice President of the railroad. It further appears that in 1935, Lane had sufficiently recovered from his illness to return to work, but there is no evidence that he requested to be placed back in employment by the railroad. However, on March 21, 1936, he filed an

---

1. Section 11 of the Railroad Retirement Act of 1937, 45 U.S.C.A. § 228k, pursuant to which this review was instituted, incorporates the judicial review provisions of the Railroad Unemployment Insurance Act, 52 Stat. 1094, as amended by 60 Stat. 722, 45 U.S.C.A. §§ 351–367.

application for an annuity with the Railroad Retirement Board, and on December 7, 1937, he wrote the Board, stating that he tendered his resignation to the President of the railroad as of that date.

■ In order to qualify for an annuity under the Railroad Retirement Act of 1937, an individual must, on August 29, 1935, the enactment date of the statute, have been either (a) actively serving an employer; (b) in the employment relation to one or more employers; or (c) an employee representative. Title 45 U.S.C.A. § 228a (b). Lane was not in active service of the railroad in question on August 29, 1935, nor was he an employee representative. To qualify as an employee entitled to annuity benefits, he must, therefore, be proved to have been "in the employment relation" to an employer. The Act sets forth that an individual is "in the employment relation" to an employer, (a) if he is on furlough, subject to call and ready and willing to serve; (b) or on leave of absence; (c) or absent on account of sickness or disability. The absence of an employee from service for any one of these causes was required, by the Act, to be "in accordance with the established rules and practices in effect on the employer". Title 45 U.S.C.A. § 228a(d). In administering this provision, it was, therefore, necessary for the Railroad Retirement Board to ascertain what those rules and practices were on each and every carrier throughout the United States. Upon the basis of its investigation of the rules and practices of the Detroit, Toledo & Ironton Railroad, the Board found that it was the practice of the company, on or about August 29, 1935, to grant leaves of absence for periods of sickness or disability, and that employees absent from service on account of sickness or disability without oral or written leave of absence did not maintain the right to return to service on their recovery.

■ In passing upon his application for an annuity, the Railroad Retirement Board found that Lane was not "in an employment relation" with the railroad in question on August 29, 1935, and, in so determining, affirmed the decision of its lower adjudicative branches that had passed upon the

question, the Bureau of Retirement Claims and the Appeals Council. According to the statute, the findings of the Board as to facts, if supported by evidence and in the absence of fraud, shall be conclusive. 45 U.S.C.A. § 355(f). Upon a review of the evidence, we find that it supports the determination of the Board. No suggestion of fraud is made.

Petitioners, however, contend that the issue presented on this appeal "is not whether the Division of Retirement Claims and the Appeals Council erred in concluding on the basis of the facts of record that Lane was not in an employment relation to the D. T. and I. on August 29, 1935." Rather, they base their case on an entirely different matter, and claim that the sole issue in the case is whether the Railroad Retirement Board was obliged to recognize that Lane was in "an employment relation" because of a certain decision on this question by a different administrative body, namely, the National Railroad Adjustment Board. Petitioners do not claim that the Railroad Retirement Board should have substituted the findings of the National Railroad Adjustment Board on this point for its own, but, rather, contend that the National Railroad Adjustment Board's findings are binding on the Railroad Retirement Board in its decision as to whether Lane was in an employment relation on August 29, 1935; they submit that this court is not called upon to resolve any issue that turns upon the facts, but that the only question presented by their petition is purely one of law.

The circumstances surrounding the proceedings, in question, before the National Railroad Adjustment Board, and its decision, may be summarized as follows: Subsequent to the denial of his application for an annuity by the lower adjudicative branches of the Railroad Retirement Board, Lane claimed that a "grievance" had been created by the railroad's insistence that he had voluntarily resigned from its service in July, 1933. He, therefore, proceeded to present such grievance to the National Railroad Adjustment Board for decision, and, after summations by Lane and the railroad before that Board, it sustained Lane's contention and found that his re-

822

lationship as an employee of the railroad had been continuous from October 19, 1905, to December 7, 1937. It is this finding which petitioners claim is binding upon the Railroad Retirement Board in its determination as to whether Lane was in an employment relation to the railroad in the proceedings in which he claimed annuity rights.

Under the Railroad Retirement Act, Congress delegated to the Railroad Retirement Board "all the duties and powers necessary to administer" this Act, and provided that its decisions upon issues of law and fact relating to pensions, annuities, or death benefits are not subject to review by any other administrative or accounting officer, agent, or employee of the United States. 45 U.S.C.A. § 228j(b)1. Moreover, as already stated, Congress provided that the Railroad Retirement Board's findings on questions of fact, if supported by evidence and in the absence of fraud, should be conclusive.

■ The National Railroad Adjustment Board has not been given any authority by Congress with regard to the Railroad Retirement Act; and if the Adjustment Board's finding is considered a finding that Lane was an employee under the Railroad Retirement Act, or that he had not retired and was an employee for the purposes of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., such finding is not conclusive upon the question of his status under the Railroad Retirement Act. In Nashville, C. & St. L. Ry. v. Ry. Employees' Department of American Federation of Labor, 6 Cir., 93 F.2d 340, it was said, with respect to definitions of "employees" in different statutes, that no rule of statutory construction requires two acts relating to separate and distinct subjects to be read in *pari materia,* even though they affect the same general class of persons. An individual may be an employee, as defined in one act, and not an employee, as that term is used in a different statute.

■ To sustain petitioners' contentions would have the result of enabling any applicant for annuity rights under the Railroad Retirement Act to file a grievance claim with the National Railroad Adjustment Board on the ground that his employer had denied his claim that he was in "an employment relation," with the possibility of securing from that Board a determination that he was an employee at the time in question; and that such determination would be binding upon the Railroad Retirement Board, even though contrary to that Board's own conclusions that he was not in "an employment relation," as defined in the Railroad Retirement Act. This would directly contravene the clearly expressed intention of Congress in confiding all the duties and powers necessary to the administration of the Railroad Retirement Act to the Railroad Retirement Board, as well as violate its purpose in making the Board's findings of fact conclusive if supported by evidence and in the absence of fraud. Such contention is untenable; and it follows that the Railroad Retirement Board was not bound by the findings of the National Railroad Adjustment Board relating to Lane's employment relation to the railroad company at the time in question.

In accordance with the foregoing, the decision of the Railroad Retirement Board is affirmed.