from all the cases in which the Tennessee courts have held that plaintiffs therein were guilty of contributory negligence as a matter of law.

Upon the issue raised by appellant, that the causes of action of the appellees are barred by the statute of limitations, we are of opinion that the trial judge properly took judicial notice of the pleadings and of the requests for admissions made by appellees and the answers thereto made by appellant, from which it appears that a voluntary nonsuit without prejudice was taken by appellees in the Circuit Court of Knox County, Tennessee, and that the instant cases in the United States District Court were filed seasonably thereafter. If the cases had been tried to a jury, it may be that it would have been necessary for such matter to be introduced in evidence. However, we do not find it necessary to decide this point, for we are dealing with cases tried to the court and not to a jury.

The judgment of the district court in each of the appealed cases is affirmed. It is so ordered.

Karl D. Saulpaw, Jr., and William C. Wilson, of Ambrose & Wilson, Knoxville, Tenn., for petitioner.

Myles F. Gibbons, Gen. Counsel, Railroad Retirement Bd., Chicago, Ill., David B. Schreiber, Assoc. Gen. Counsel, Chicago, Ill., Paul M. Johnson and Charles F. McLaughlin, Chicago, Ill., for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

**Carl B. OGLE, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 12772.

United States Court of Appeals Sixth Circuit.

Oct. 5, 1956.

PER CURIAM.

Petitioner, Carl B. Ogle, 53 years of age and with less than twenty years of service, filed an application for an annuity under Section 2(a) (5) of the Railroad Retirement Act of 1937 as amended, 45 U.S.C.A. § 228b(a) (5), which provides for an annuity to such applicants "whose permanent physical or mental condition is such that they are unable to engage in any regular employment." His claim was based upon permanent disability due to the amputation of his leg, which was service connected, the condition of his heart, and prostate gland.

Following adverse rulings on the claim by the Bureau of Retirement Claims and the Appeals Council, the Railroad Retirement Board found that petitioner's per-

manent physical and mental condition "was not shown to be such that he is unable to engage in any regular employment within the meaning of Section 2(a) (5) of the Act" and denied the claim. This review followed. 45 U.S. C.A. §§ 228k, 355(f).

The Court is of the opinion that the findings of the Board are supported by evidence and in the absence of fraud are conclusive. Lane v. Railroad Retirement Board, 6 Cir., 185 F.2d 819; United States v. Mayfield, 10 Cir., 64 F.2d 214; Berry v. United States, 2 Cir., 111 F.2d 615, 617.

The Order of the Board is affirmed.

**A. B. PHILLIPS, Executive Director, Employment Security Commission of Alaska, Appellant,**

v.

**FIDALGO ISLAND PACKING CO.,**
Appellee,
Clara Wilson, Intervenor.

No. 14505.

United States Court of Appeals
Ninth Circuit.

June 21, 1956.

Writ of Certiorari Denied
Dec. 10, 1956.

See 77 S.Ct. 262.

