Zane F. **CHANDLER,** Petitioner,

v.

**UNITED STATES of America RAILROAD RETIREMENT BOARD,** Respondent.

No. 82–3441.

United States Court of Appeals, Sixth Circuit.

July 15, 1983.

Robert M. Draper (argued), Columbus, Ohio, for petitioner.

Dale G. Zimmerman, Gen. Counsel, Arthur A. Arfa (argued), Railroad Retirement Board, Chicago, Ill., for respondent.

Before MARTIN and WELLFORD, Circuit Judges, and PECK, Senior Circuit Judge.

PER CURIAM.

Zane Chandler appeals the denial of a disability annuity under section 2(a)(1)(v) of the Railroad Retirement Act of 1974, 45 U.S.C. § 231a(a)(1)(v). Chandler, who is forty-six years of age, was employed as a railroad brakeman until 1979. He claims that diabetes, kidney problems, and a job-related back injury have totally disabled him.

Chandler filed his application for an annuity on September 30, 1980. His claim was reviewed and denied at three separate stages at the administrative level. We have jurisdiction to review the final decision of the Railroad Retirement Board pursuant to section 8 of the Act, 45 U.S.C. § 231g.

The sole issue before us is whether the Board's decision is supported by substantial evidence. 45 U.S.C. § 355(f); *Ogle v. Railroad Retirement Board,* 238 F.2d 233, 234 (6th Cir.1956); *Bertamini v. Railroad Retirement Board,* 440 F.2d 278, 280 (D.C. Cir.1971); *Andrews v. Railroad Retirement Board,* 595 F.2d 676, 681 (D.C.Cir.1978). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 399, 401, 91 S.Ct. 1420, 1426, 1427, 28 L.Ed.2d 842 (1971). The Board concluded that Chandler was not "permanently disabled for work in any regular employment" as provided in 20 C.F.R. 208.17(a). After review of the entire record below, we find substantial evidence to support the Board's decision.

Chandler relies primarily upon the medical reports of his two treating physicians, Doctors Simon and Vallie, both of whom conclude that he is totally disabled. However, their diagnosis is not supported by the reports of Dr. Rousseau, an orthopedist to whom Chandler was referred by Dr. Simon, or the reports of several other ex-

amining physicians. Although the opinion of a treating physician is of obvious significance, it is not conclusive as to disability. Medical reports from examining physicians also may constitute substantial evidence. *See Halsey v. Richardson,* 441 F.2d 1230, 1236 (6th Cir.1971).

█ In addition to medical evidence are Chandler's own statements to the referee that he felt capable of performing his previous job as a railroad brakeman and that he was able to walk two to three miles per day, to lift light objects up to twenty-five pounds, and to tend his garden. Although he is precluded from returning to his old job with the railroad because company regulations prohibit the employment of insulin dependents on operating trains, that fact does not establish his inability to engage in other forms of employment. Moreover, analogizing to Social Security Act statutes, regulations, and decisions, *see Webb v. Railroad Retirement Board,* 358 F.2d 451 (6th Cir.1966) and *Goodwin v. Railroad Retirement Board,* 546 F.2d 1169, 1172 (5th Cir. 1977) (recognizing the applicability of Social Security Act precedent to Railroad Retirement Act determinations), the Board is under no obligation to ascertain that the light work of which Chandler has shown himself capable actually exists in the relevant area. *Rose v. Cohen,* 406 F.2d 753, 754 (6th Cir. 1969).

In short, we think there is abundant evidence of both a medical and subjective nature to support the conclusion that, although impaired by significant maladies, Chandler is not incapable of performing any regular employment. Accordingly, the decision of the Board is affirmed.