Floyd CRENSHAW, Petitioner,

v.

UNITED STATES of America
RAILROAD RETIREMENT
BOARD, Respondent.

No. 86–3422.

United States Court of Appeals,
Sixth Circuit.

March 3, 1987.

Richard E. Reverman, Martin M. Young & Assoc. Co., Cincinnati, Ohio, James Roy Williams (argued), for petitioner.

---

Stanley Jay Shuman (argued), General Counsel, Railroad Retirement Bd., Chicago, Ill., for respondent.

Before KEITH, KRUPANSKY and GUY, Circuit Judges.

PER CURIAM:

Petitioner Floyd Crenshaw appeals the final decision of the Railroad Retirement Board (hereinafter "Board") denying him a disability annuity under the Railroad Retirement Act of 1974, 45 U.S.C. § 231 *et seq.* (hereinafter "Act").

Our jurisdiction to review the decision of the Board derives from Section 8 of the Act, 45 U.S.C. § 231g, which incorporates by reference Section 5(f) of the Railroad Unemployment Insurance Act, 45 U.S.C. § 355(f). Section 5(f) pertains to judicial review. Both the Retirement and Insurance Acts are administered by the Board.

Petitioner filed an application for a railroad employee disability annuity under the Act on September 28, 1981. He claimed to be disabled by high blood pressure and the resulting side effects of drowsiness, blurred vision and fatigue. He also maintained that his blood pressure remained uncontrolled despite medication prescribed by a physician. Petitioner had worked until 1980 in various positions with Conrail. His employment stopped because of the high blood pressure symptoms.

Petitioner's disability claim was first heard by the Board's initial adjudicating unit, the Bureau of Retirement Claims. The Bureau found that petitioner could perform regular and substantial work despite his condition and denied his claim. He then appealed to the Board's intermediate appellate unit and a hearing was held before an appeals referee. After new evidence was submitted, the referee sustained the Bureau's initial decision. Petitioner then appealed to the Board's highest appellate unit which unanimously affirmed and adopted the decision of the appeals referee after the submission of additional evidence.

Petitioner appeals the Board's decision, arguing that the appeals referee erred as a matter of law and against the evidence when he decided that petitioner was not precluded from performing all regular employment as a result of his condition. Petitioner also contends that the referee erred when he ignored a psychiatric evaluation revealing evidence of a psychotic reaction to the petitioner's medical condition. This evaluation, in the petitioner's view, would have established the existence of a severe mental impairment affecting his ability to work.

We must affirm the decision of the Board if it is supported by substantial evidence and not based on an error of law. *Chandler v. United States Railroad Retirement Board,* 713 F.2d 188, 189 (6th Cir.1983). If the record supports the Board's decision, we must accept it without making an independent evaluation of the evidence.

In light of those requirements, we disagree with the petitioner's contentions. First, there is substantial medical evidence in the record to support the conclusion that complications resulting from the petitioner's high blood pressure were not, *in toto,* a permanent physical condition severe enough to preclude employment. The evidence includes two physical and opthamological examinations. These examinations found an ability to do light to moderate work as well as easily remediable hearing and vision impairments. Second, the Board was correct as a matter of law in finding the petitioner not disabled. The Social Security Act regulations on disability, 20 C.F.R. §§ 404.1501–404.1598, are sufficiently analogous to those of the Railroad Retirement Act to be applicable to railroad retirement cases. *Chandler,* 713 F.2d at 190; *Webb v. United States Railroad Retirement Board,* 358 F.2d 451 (6th Cir. 1966). Similar to Social Security cases, the appeals referee in this case made specific findings about the petitioner's condition which precluded him from being found *per se* disabled. That having been determined, the referee next assessed whether petitioner had a residual functional capacity to work. Under Social Security (and hence Railroad Retirement Act) regulations, the existence of residual functional capacity

precludes entitlement to benefits. The referee found that petitioner could work in at least one hundred jobs, given his capacity for light to moderate work. This finding was based on a vocational expert's testimony. We hold neither finding to be an error of law. Both are required by the regulations applicable to the Railroad Retirement Act.

Finally, the fact that the referee's decision is in contradiction to a psychiatric evaluation submitted in evidence is not error. The referee may weigh and assess the testimony and reports of physicians. *See Ragan v. Finch*, 435 F.2d 239 (6th Cir.1970) *cert. denied sub nom*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971). Where there is a conflict in the evidence, as in this case, it is the referee's task to strike the proper balance. *Id.; LeMaster v. Weinberger*, 533 F.2d 337 (6th Cir.1976). In our view, given the substantial evidence in the record which supports a finding of ineligibility for benefits, the referee struck the proper balance in this case.

Accordingly, upon consideration of the briefs and the entire record, we AFFIRM the decision of the Railroad Retirement Board adopting the findings of the referee.