836 F.2d 551
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harlan YATES, Petitioner,
v.
UNITED STATES of America, Railroad Retirement Board, Respondent.
 No. 86-3965.
 United States Court of Appeals, Sixth Circuit.
 Dec. 22, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this case, petitioner Harlan Yates appeals the Railroad Retirement Board's decision to deny his claim for disability benefits. We find that the Board's decision is supported by substantial evidence and therefore, the judgment is affirmed.
 
 
 2
 On April 20, 1983, Yates filed an application for a disability annuity with the Bureau of Retirement Claims pursuant to the Railroad Retirement Act of 1974, 45 U.S.C. Sec. 231a(a)(1)(v) (1982). That section provides for a disability annuity for a railroad employee whose permanent physical or mental condition is such that he is unable to engage in any regular employment.
 
 
 3
 After his application was denied by the Bureau, Yates requested that his case be reconsidered. On January 5, 1984, the Bureau again denied his application. Yates filed an appeal from this denial with the Board's Bureau of Hearings and Appeals on January 19, 1984. The appeals referee to whom Yates's appeal was assigned obtained additional medical evidence, held a hearing, and found that Yates had been totally and permanently disabled for both regular employment and substantial gainful activity since December 31, 1978. Therefore, we found that Yates was entitled to a disability annuity under section 2(a)(1)(v) of the Act, 45 U.S.C. Sec. 231a(a)(1)(v).
 
 
 4
 However, the referee also found that Yates was not entitled to a period of disability and disability Medicare because his wage records indicated that he did not meet the special earnings requirements prescribed by the Social Security Act. The referee explained that an application for a disability annuity under the Railroad Retirement Act is also an application for a period of disability and disability Medicare under the provisions of the Social Security Act. He also explained that pursuant to the Social Security Act a claimant for a period of disability and disability Medicare must also meet a special earnings requirement. The earnings requirement is that a claimant must be fully insured under the Social Security Act and must have 20 calendar quarters of covered earnings out of a 40 quarter period ending in the calendar quarter in which the claimant's disability began. The referee found that Yates last met the second part of this special earnings test in 1971, seven years before his disability began. Therefore, he found him ineligible for a period of disability and disability medicare.
 
 
 5
 On July 2, 1985, Yates appealed the referee's decision to the three-member Railroad Retirement Board. He contended that the appeals referee's decision erroneously found that he had not met the special earnings requirement, and he was entitled to an earlier disability onset date than December 31, 1978, the date found by the referee.
 
 
 6
 On October 22, 1985, the three-member Board affirmed and adopted the decision of the appeals referee. Yates seeks judicial review of the Board's decision by this court. Our reasons for affirmance are set forth below.
 
 I.
 
 7
 The standard of review this court uses in reviewing a decision of the Railroad Retirement Board is one of "substantial evidence". 45 U.S.C. Secs. 231(g), 355(f) (1982). If the Board's decision is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, its decision will not be disturbed by this court on appeal. See Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 107 S.Ct. 2483 (1987); Chandler v. Railroad Bd., 713 F.2d 188, 189 (6th Cir.1983) (per curiam).
 
 
 8
 In the instant case we find that the referee's denial of benefits is supported by substantial evidence. The record indicates that Yates did not meet the special earnings test which would have enabled him to qualify for a period of disability and disability Medicare. In our opinion the information contained in Yates's Certification of Service and Compensation or G-90 Form is crucial. That form constitutes Yates's wage record and includes both his railroad earnings and the wages which he reported to the Social Security Administration. It also shows whether Yates had railroad or social security earnings in a particular quarter and whether his social security wages were sufficient to constitute a quarter of coverage. Most important, however, Yates's G-90 Form supports the Board's finding in that, it shows that the last time that Yates had 20 quarters of coverage in a 40-quarter period was in 1971. For these reasons, the Board's decision is hereby AFFIRMED.