996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy H. HENSLEY, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 92-3929.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1993.
 
 Before NELSON and SUHRHEINRICH, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This is an appeal from a decision of the Railroad Retirement Board (the Board) to deny an application for disability benefits filed pursuant to the Railroad Retirement Act, 45 U.S.C. § 231. In 1989, Billy H. Hensley filed an application for disability benefits under the Railroad Retirement Act. A hearing was eventually conducted which resulted in a decision affirming the denial of Hensley's application. The Board subsequently adopted the hearing officer's decision and this petition for review followed. The case is amenable to Rule 9 submission as counsel for Hensley did not file a request for oral argument and counsel for the Board has affirmatively waived oral argument.
 
 
 3
 This court has jurisdiction to review a decision of the Railroad Retirement Board pursuant to 45 U.S.C. § 231g. Crenshaw v. United States R.R. Retirement Bd., 815 F.2d 1066, 1067 (6th Cir.1987) (per curiam). The Board's decision "is not to be set aside on judicial review if it is supported by substantial evidence in the record and is not based on an error of law." Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 482 U.S. 906 (1987). Substantial evidence is more than a mere scintilla of evidence. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir.1987). In its review of a Board decision, this court may analogize to Social Security Act statutes, regulations, and decisions addressing the issue of disability. Chandler v. United States R.R. Retirement Bd., 713 F.2d 188, 190 (6th Cir.1983) (per curiam).
 
 
 4
 Hensley originally claimed his disability was due primarily to back and ankle problems. In his appellate argument to this court, however, counsel for Hensley argues only the sufficiency of evidence vis-a-vis Hensley's mental impairments, that is, memory loss and an inability to work with others. In this context, Hensley is thus claiming that his mental impairment produces work-related limitations that significantly affect his ability to perform a full range of work at a given exertional level. See Buress v. Secretary of Health and Human Servs., 835 F.2d 139, 142-43 (6th Cir.1987) (per curiam). Hensley's appellate claim is based on three items of record: an evaluation by a clinical psychologist, an evaluation by a psychiatrist, and the response of a vocational expert to a hypothetical question. Hensley contends that these items clearly reflect a disabling mental condition (memory loss and inability to work with others) when considered in conjunction with his physical impairments.
 
 
 5
 The record contains substantial evidence in support of the Board's decision and does not reflect that the decision was made pursuant to an error of law. An examination of the evidentiary materials reveals that they do not provide unequivocal support for a claimed mental impairment. The evaluation forms and the testimony of the vocational expert are open to the interpretation of the hearing officer, namely, that they did not provide evidence of a disabling condition within the meaning of the Railroad Retirement Act. There are no other reversible errors apparent in the record before the court.
 
 
 6
 Accordingly, the decision of the Railroad Retirement Board is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.