7 F.3d 233
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John T. FRAZIER, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 93-3402.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: MILBURN and GUY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 John Frazier, a pro se petitioner, appeals a decision of the Railroad Retirement Board (Board) which granted his application for disability benefits (filed pursuant to the Railroad Retirement Act, 45 U.S.C. § 231) but from an onset date later than that sought by Frazier. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Frazier filed his application for benefits on January 27, 1989, alleging a disability since January 31, 1987, due to a back condition. It also appeared that he suffered from diabetes mellitus. After an administrative hearing was held before a hearing officer, it was determined that Frazier was, indeed, under a disability, but its onset date was August 1, 1989, and not January 31, 1987, as alleged in Frazier's application. Relying on the medical-vocational guidelines and the testimony of a vocational expert, the hearing officer found that from January 31, 1987, up to August 1, 1989, Frazier could perform jobs which exist in significant numbers in the national economy and was not disabled. It was also determined that Frazier could not perform a full range of sedentary work and was disabled as of August 1, 1989. Frazier appealed requesting an earlier onset date of disability, yet the Board affirmed the hearing officer's decision. Frazier then filed this timely appeal. He requests oral argument and permission to proceed as a pauper.
 
 
 3
 This court has jurisdiction to review a decision of the Board pursuant to 45 U.S.C. § 231g. Crenshaw v. United States R.R. Retirement Bd., 815 F.2d 1066, 1067 (6th Cir.1987) (per curiam). Upon review, we conclude that the Board's decision is supported by substantial evidence and is not based on an error of law. Coker v. Gielow, 806 F.2d 689, 693 (6th Cir.1986), cert. denied, 482 U.S. 906 (1987). In its review of a Board decision, this court may consult the Social Security Act statutes, regulations, and decisions addressing the issue of disability. Chandler v. United States R.R. Retirement Bd., 713 F.2d 188, 190 (6th Cir.1983) (per curiam).
 
 
 4
 The record contains reports from several physicians including Dr. Sendele, Frazier's treating doctor, which support the Board's decision that prior to August 1, 1989, Frazier could perform a full range of sedentary work and a limited range of light work. The medical evidence also supports a finding that as of August 1, 1989, Frazier would have been unable to perform a full range of sedentary work. Therefore, the Board's decision that Frazier's disability began as of August 1, 1989, is supported by substantial evidence.
 
 
 5
 Accordingly, we grant Frazier permission to proceed as a pauper, deny his request for oral argument, and affirm the Board's decision. Rule 9(b)(3), Rules of the Sixth Circuit.