59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Geneva GROSS, Petitioner,
v.
RAILROAD RETIREMENT BOARD, Respondent.
 No. 95-3099.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1995.
 
 1
 Railroad Retirement Board, No. A 413 30 0256.
 
 
 2
 R.R.B.
 
 
 3
 PETITION DENIED.
 
 
 4
 Before: MERRITT, Chief Judge; MARTIN, Circuit Judge, and BERTELSMAN, Chief District Judge.*
 
 ORDER
 
 5
 Geneva Gross, pro se, petitions for review of a decision by the Railroad Retirement Board (Board) which denied her appeal from the decision of a hearings officer involving her claim for an annuity under the Railroad Retirement Act (RRA). 45 U.S.C. Sec. 231, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 6
 The claimant initially filed an application for an employee annuity under the RRA, on September 27, 1990. 45 U.S.C. Sec. 231a(a)(1). She was awarded an annuity, effective January 30, 1990. Gross then requested that the Tier II portion of her annuity be reconsidered, because she believed the computation of her Tier II award was unfair. Specifically, Gross argued that, because she was forced to retire earlier than she would have due to her employer's bankruptcy, the wage rates on which her annuity was based were much lower during her working years from 1971 to 1976 than they would have been if she could have continued working through the 1980's. Gross also requested that the Board take into consideration additional earnings paid to her in 1975 which the Board had not included in awarding the annuity.
 
 
 7
 A hearings officer first concluded that it was appropriate for the Board to reopen the claimant's service record to ensure its accuracy, notwithstanding the four-year limitations period imposed by the Act for considering such disputes. 45 U.S.C Sec. 231h; see Pawelczak v. United States R.R. Retirement Bd., 931 F.2d 108, 109-10 (D.C. Cir. 1991). The hearings officer then explained that, in determining the claimant's average monthly compensation for purposes of computing her Tier II award, the Board, according to its usual policy, divided the claimant's annual earnings by the months of service performed in each year worked, without calculating her earnings on a monthly basis. The hearings officer also explained that, under the Act, her annual earnings were not indexed to compute the Tier II award, but were calculated based on her actual railroad service.
 
 
 8
 In the claimant's appeal to the Board, Gross maintained that she did not "believe her pension rights were preserved when no Tier II provision was made for someone who lost their job through no fault of their own and had to wait so many years to be eligible for an annuity - thus making their earnings very much out of date." Gross also preserved her argument that she should have been credited for a greater amount of earnings during the last four months of 1971.
 
 
 9
 Upon review, the Board first determined that, even allowing Gross additional credit for her actual earnings during the last four months in 1971, the amount of her annuity would remain unchanged. The Board next explained that the Act had been amended so that the Tier II annuity components took into account actual increases in wages in the industry over the years instead of "indexing" wages, as was done to calculate Tier I awards. The Board denied the claimant's appeal, but agreed with the hearings officer that the claimant's annuity should be adjusted to take into consideration her 1975 earnings. On appeal, Gross again argues that she does not feel her "earned pension rights" were preserved when changes were made to the Act after her employer went out of business in 1976.
 
 
 10
 This court has jurisdiction to review final decisions of the Board under the provisions as set forth in 45 U.S.C. Sec. 355. 45 U.S.C. Sec. 231g; Gutierrez v. Railroad Retirement Bd., 918 F.2d 567, 570 (6th Cir. 1990) (per curiam). The sole issue before this court is whether the Board's decision is supported by substantial evidence. 45 U.S.C. Sec. 355(f); Chandler v. United States R.R. Retirement Bd., 713 F.2d 188, 189 (6th Cir. 1983) (per curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 399 (1971). This court has held that, if the record supports the Board's decision, and the decision is not based on an error of law, the court must accept it without making an independent evaluation of the evidence. Crenshaw v. United States R.R. Retirement Bd., 815 F.2d 1066, 1067 (6th Cir. 1987) (per curiam).
 
 
 11
 We conclude that the Board's decision is supported by substantial evidence and is in accordance with the applicable law. The Board relied on the proper regulations to conclude that Gross's awards, both under Tier I and Tier II, were computed correctly. As explained in the Board's decision, the Tier II computation, according to Congressional intent, still takes into account the increase in workers' wages over the years, although not specifically indexed for cost of living and inflation.
 
 
 12
 Accordingly, the claimant's petition for review of the Board's decision is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation