**Ronald W. DODDS, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 03–3151.

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2003.

Ronald W. Dodds, Chattanooga, TN, pro se.

Steven A. Bartholow, Michael C. Litt, U.S. Railroad Retirement Board, Chicago, IL, for Respondent.

Before NELSON, GIBBONS, and SUTTON, Circuit Judges.

## ORDER

Ronald W. Dodds, a pro se Tennessee resident, appeals a decision by the Railroad Retirement Board determining that he was entitled to early medicare benefits as of March 1, 2000. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Dodds was born on April 27, 1939. Dodds graduated from high school in 1957 and worked for the Southern Railroad Company and then for the Norfolk Southern Railroad until 1988. He applied for and was awarded a disability annuity under the Railroad Retirement Act, 45 U.S.C. § 231 *et seq.* The award was effective June 1, 1989, based on Dodds's inability to work his regular railroad occupation due to degenerative changes to his knees and chronic pain. This application was also considered to be a request for an annuity based on his inability to perform all work, for a period of disability, and for early medicare. All of these requests were denied. Dodds did not appeal this decision.

Dodds filed a second application for a period of disability and early medicare. On December 28, 1995, this application was denied based on a finding that Dodds was not disabled from all work because a medical assessment found that Dodds could perform medium work. This decision was not appealed.

On April 20, 1999, Dodds filed a third application for a period of disability and early medicare coverage. The hearings officer granted Dodds early medicare coverage effective March 1, 2000 based on a decision that he was disabled for all work

as of, but not prior to, September 8, 1997. On August 29, 2001, Dodds appealed this decision to the Railroad Retirement Board. The decision was affirmed by the Board on February 1, 2002. This appeal followed.

In his timely appeal, Dodds argues that the Board's determination that he was not disabled prior to September 8, 1997, is incorrect. He asserts that he is entitled to retroactive disability with an onset date of June 20, 1989. He also requests leave to proceed in forma pauperis.

■ As for the period from June 20, 1989 to December 28, 1995, this court does not have jurisdiction to review the Board's denial of disability. This court has jurisdiction to review final decisions of the Board under the provisions set forth in 45 U.S.C. § 355(f). 45 U.S.C. § 231(g); *Gutierrez v. R.R. Retirement Bd.,* 918 F.2d 567, 570 (6th Cir.1990). Section 355(f) provides that final decisions of the Board may be reviewed in the courts of appeals "only after all administrative remedies within the Board will have been availed of and exhausted...." Such exhaustion is a jurisdictional prerequisite to review in the courts of appeals. *Gutierrez,* 918 F.2d at 570. Dodds' failure to file a timely appeal of the Board's decisions constitutes a failure to exhaust his administrative remedies. *Id.* Accordingly, the court is without jurisdiction to review the Board's prior actions. Thus, Dodds' request for retroactive benefits for the period from June 20, 1989 to December 28, 1995 is unavailable.

As for the time period between December 28, 1995 and September 8, 1997, this court does have jurisdiction to review the denial of disability under § 355(f), because Dodds appealed the decision denying him benefits prior to September 8, 1997. The sole issue on this point is whether the Board's decision is supported by substantial evidence. 45 U.S.C. § 355(f); *Chan-*

*dler v. United States R.R. Retirement Bd.,* 713 F.2d 188, 189 (6th Cir.1983). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). This court has held that, if the record supports the Board's decision and the decision is not based on an error of law, the court must accept the decision without making an independent evaluation of the evidence. *Crenshaw v. United States R.R. Retirement Bd.,* 815 F.2d 1066, 1067 (6th Cir. 1987).

The only medical evidence in the record for the relevant period is an MRI report, an electronystagmographic report and the medical reports of Dr. Jackson. The MRI found Dodds to have no acute abnormalities and only mild cerebral atrophic changes. The electronystagmographic report showed no significant nystagmus, although caloric testing covered by the report disclosed a 24 percent weakness in the right ear. Dr. Jackson's reports indicate that Dodds was diagnosed with vertigo, hearing loss, dizziness, and hypertension. Dr. Jackson's reports do not establish that Dodds suffered from any conditions which would render him disabled. Therefore, the Board's conclusion that Dodds was not disabled between December 28, 1995, and September 8, 1997, is supported by substantial evidence.

Accordingly, we grant Dodds leave to proceed in forma pauperis and affirm the Board's decision. Rule 34(j)(2)(C), Rules of the Sixth Circuit.