**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 04a0076n.06**
**Filed: November 9, 2004**

**No. 03-3965**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| John W. Rowe, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | On Petition for Review from |
| v. | ) | the Railroad Retirement Board |
| | ) | |
| Railroad Retirement Board, | ) | |
| | ) | |
| Respondent, | ) | |

**Before:** **BOGGS, Chief Judge, GUY, Circuit Judge; and STEEH, District Judge.**[*]

**STEEH, District Judge.** Petitioner John W. Rowe appeals the decision of the Railroad

Retirement Board ("Board") denying his claim for a disability annuity under the Railroad

Retirement Act of 1974, 45 U.S.C. §§ 231 et seq. We have jurisdiction over Rowe's timely filed

petition pursuant to 45 U.S.C. § 231g (incorporating by reference 45 U.S.C. § 355(f)). The

petition is denied.

Rowe, a long-term railroad worker, filed an application for a disability annuity on

December 20, 2000, asserting a February 2000 claimed onset date. His application was denied

on July 19, 2001. Rowe requested reconsideration of that decision, citing additional medical

evidence, and the denial was affirmed on August 8, 2001. Rowe then petitioned for review by

---

[*] The Honorable George Caram Steeh, United States District Judge for the Eastern
District of Michigan, sitting by designation.

the Railroad Retirement Board's Bureau of Hearings and Appeals, and a hearing was conducted in Huntington, West Virginia on April 5, 2002.

Rowe's application claimed entitlement to a disability annuity due to hypertension, dizziness, seizures, and hot flashes. At his hearing, he testified regarding a variety of additional claimed medical problems, including asbestosis, high blood pressure, lower back pain, liver disease, impaired hearing, carpel tunnel syndrome, and depression. The hearings officer issued her opinion on August 20, 2002, denying Rowe's petition, relying in part on the testimony of a vocational expert concerning available jobs in the economy. She determined that although Rowe's dizzy spells prevented him from performing his previous work, he would be capable of less strenuous employment, and could perform "a significant number of unskilled sedentary and light exertional jobs." J.A. 242.

Rowe then appealed to the Railroad Retirement Board, which issued its decision on November 22, 2002, affirming and adopting the decision of the hearings officer. The hearings officer's opinion was thus made the final decision of the Board. This timely appeal was filed July 14, 2003, within the applicable one-year statute of limitations.

This court will affirm the Board if its decision on a worker's entitlement to benefits under the Railroad Retirement Act is supported by substantial evidence and is not based on an error of law. 45 U.S.C. § 355(f); *Chandler v. United States R.R. Ret. Bd.*, 713 F.2d 188, 189 (6th Cir. 1983). If so, this court must accept that decision "without making an independent evaluation of the evidence." *Crenshaw v. United States R.R. Ret. Bd.*, 815 F.2d 1066, 1067 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 399 (1971) (quoting *Consolidated*

2

*Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  In this court's review of the Secretary's decision, "we do not consider the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility."  *Myers v. Sec'y of Health & Human Servs.*, 893 F.2d 840, 842 (6th Cir. 1990) (citation omitted).  We note that

> the substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because the substantial evidence would have supported an opposite decision.

*Blankenship v. Bowen*, 874 F.2d 1116, 1120 (6th Cir.1989) (*per curiam*) (citations omitted). Rowe's brief on appeal identifies four aspects of the hearings officer's decision he claims reveal a lack of substantial evidence to support her decision.  These are addressed, in turn, below.

*Credibility*

Rowe first asserts that the Board/hearings officer erroneously assessed his credibility. Because this court does not decide questions of credibility, the Board's decision must stand if supported by substantial evidence, regardless of what this court would determine if it stood in the shoes of the fact finder.  *See Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).

Here, Rowe cites to the records of Drs. Edwards, Goodman, and Joseph, and argues that although the record contained "multiple objective findings...regarding Mr. Rowe's physical problems...the Hearings Officer still found that Mr. Rowe's credibility was lacking." Appellant's brief, p. 37.  Rowe asserts this finding flies in the face of the record, which he contends "does not contain any evidence to suggest that Mr. Rowe is anything more [sic] than fully credible."  *Id*.  In examining the opinion of the hearings officer,  the court notes that Rowe's credibility was discounted only with respect to the issues identified below.

Concerning the frequency of Rowe's seizures, the hearings officer looked to Rowe's testimony and more recent medical records of his treating physician, Dr. Goodman, to determine that his seizure episodes as of the hearing date were far less frequent than those he claimed in a June 2001 meeting with an examining physician. This determination was clearly founded on substantial evidence. Turning to the hearings officer's finding that Rowe's testimony about incapacitating low back pain was not fully credible, the court notes that x-rays showing only minimal degenerative changes at L3/4 and L4/5 were reasonably interpreted by the hearings officer to be consistent with Dr. Edwards's restrictions of December 2001, rather than his restrictions of April 2002. Related to this finding was the hearings officer's adverse credibility finding concerning Rowe's statement that he must lie down 95% of the time, which the hearings officer found inconsistent with prescribed restrictions, Rowe's daily activities, and Rowe's chosen pain medication. Significantly more than a "mere scintilla" of evidence exists in the record to support these findings.

The hearings officer discounted Rowe's testimony that he was limited to lifting 10 pounds with one hand due to "numbness and tingling" as "not credible because the objective evidence of his hand impairments, nerve conduction studies and electromyography done on May 24, 2002..." did not support such a limitation. J.A. 246. The hearings officer also noted that no doctor had identified restrictions limiting Rowe's use of his hands. Concerning Rowe's alleged liver disease, the hearings officer correctly noted that there had not yet been any such diagnosis, and no work restrictions were given in connection with such a medical problem. It is, therefore, this court's determination that substantial evidence existed in the record to support all of the hearings officer's credibility findings discussed above.

4

*Treating Physicians*

An issue related to the credibility claim is Rowe's argument that the hearings officer improperly discounted the opinion of Rowe's treating physicians.[1]  When a doctor's report is not supported by the objective medical evidence in the record, the hearings officer is not required to accord controlling weight to the opinion.  *See Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir. 1990); *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir. 1987).  The hearings officer made the decision to discount Dr. Edwards's second "Medical Assessment of Residual Functional Capacity" (Railroad Retirement Board Form G-250a), dated April 3, 2002, which would have precluded all work, because the X-ray taken that same date indicated only minimal degenerative changes in the lumbar spine at L3/4 and L4/5. Therefore, we find that the hearings officer was entitled to rely upon Dr. Edwards's earlier-completed Form G-250a, dated December 3, 2001, and discount the second, as Rowe's condition was not alleged to have worsened and the first showed that the appellant "can sit less than 6 hours total in an 8 hour workday and stand/walk at least 2 hours total in an 8 hour workday." J.A. 245.  The hearings officer also found that the restrictions shown in the earlier form were "consistent with the objective evidence and the reduced range of work the hearings officer finds the appellant capable of performing since the hearings officer limited the appellant to jobs where he can sit or stand at will and there is no upper limit of time shown on Form G-250a for the

_____

[1] In addition to Dr. Edwards's reports, discussed below, Rowe points to inconclusive comments made by consulting physician Dr. Joseph and treating physician Dr. Goodman in June 2001 (Dr. Joseph: "Rowe's symptoms are quite disabling"  J.A. 80; Dr. Goodman: "I certainly can support this [disability application] for him"  J.A. 40.), which the hearings officer properly found were not supported by objective medical evidence in the record.  Moreover, the court notes the proximity of the statements to the hearing date, i.e., one year, during which Rowe experienced a significant reduction in the frequency of his seizures.

number of hours the appellant can walk/stand." *Id*. The court notes that these findings are consistent with the hearings officer's more general finding that "the appellant's respites are the result of his disinclination to exert himself rather than the result of his impairments." J.A. 247. Substantial evidence exists in the record to support these findings as well.

*Disabling Pain*

Although Rowe asserts that the hearings officer failed to consider the effects of his pain, we note that any credibility determinations concerning subjective complaints of pain are the exclusive domain of the hearings officer. *See Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986). As discussed above, Rowe's allegations concerning his claimed liver disease, hand and lower back impairments, and need to lie down 95% of the time were properly discounted in light of the objective evidence. Furthermore, the record demonstrates that the hearings officer did consider Rowe's pain and its effects on his ability to work. For instance, she asked the vocational expert in assessing available jobs in the economy, to take into consideration Rowe's requirement, brought on by his pain, to change his position from sitting to standing at will. J.A. 222. The hearings officer then explicitly wrote in her findings that Rowe's "complaints regarding pain have been considered in assessing his residual functional capacity." Nonetheless, Rowe claims the hearings officer was required to develop the record regarding his pain. However, we note that the hearings officer is under no heightened duty to develop the record when a claimant is represented by counsel. *Duncan*, 801 F.2d at 856. We conclude this claim by Rowe to be meritless.

*Combination of Impairments*

6

Rowe's remaining argument is that the hearings officer did not consider the combination of his ailments in making her determination on disability under 20 C.F.R. § 220.100(b)(3). However, the hearings officer specifically addressed the "combination" of Rowe's impairments in her findings, i.e., "[t]he appellant's impairments are severe but do not singly or equal in combination any impairment listed in Part 220, Appendix 1 of the Railroad Retirement Board's Regulations." J.A. 249. Such a finding has been held, in the analogous Social Security context, to be a sufficient consideration of the combination of ailments, not requiring further analysis. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). We also note that she considered in detail each claimed impairment and considered the multiple "impairments" in determining he could perform a significant number of jobs. J.A. 244-49. Further written analysis, e.g., discussion of one claimed impairment's impact in combination with another, was not necessary.

## CONCLUSION

Because we find that substantial evidence exists in the record to support the hearings officer's decision, and no error of law was committed, Rowe's petition is hereby DENIED.

7