**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0175n.06**
**Filed: April 1, 2008**

**No. 07-3608**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SHAWN E. HOWARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW FROM THE |
| | ) | RAILROAD RETIREMENT BOARD |
| UNITED STATES RAILROAD | ) | |
| RETIREMENT BOARD, | ) | |
| | ) | |
| Respondent. | ) | |

Before: KEITH, DAUGHTREY, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. Shawn E. Howard petitions this Court for review of the United States Railroad Retirement Board's denial of his application for a disability annuity under the Railroad Retirement Act of 1974, 45 U.S.C. §§ 231 et seq. We have jurisdiction to review Howard's petition under 45 U.S.C. § 231g, which incorporates by reference 45 U.S.C. § 355(f). Because the Board's decision is supported by substantial evidence and not based on an error of law, we affirm.

I

Howard began working in the railroad industry in March 1995. He left his railroad job in February 2004 and filed an application for a disability annuity in September 2004, claiming total disability from various maladies, including back injury and associated pain. After denying Howard's initial application, the Board again denied it at three separate stages of appeal.

II

When reviewing a decision of the Railroad Retirement Board, we must affirm if the Board's decision is supported by substantial evidence and not based on an error of law. 45 U.S.C. § 355(f); *Crenshaw v. United States*, 815 F.2d 1066, 1067 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler v. U.S. R.R. Ret. Bd.*, 713 F.2d 188, 189 (6th Cir. 1983) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the record supports the Board's decision, we must accept it without independently evaluating the evidence, *Crenshaw*, 815 F.2d at 1067, because the substantial evidence standard

> presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because the substantial evidence would have supported an opposite decision,

*Rowe v. R.R. Ret. Bd.*, 114 F. App'x 189, 191 (6th Cir. 2004) (quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1120 (6th Cir. 1989).

III

Howard argues that two aspects of the Board's decision warrant its reversal. Howard first argues that the Board's decision is not supported by substantial evidence because in determining Howard's Residual Functioning Capacity ("RFC"), the Board relied on the assessment of a non-examining physician that contradicted the assessments of one treating and one examining physician.

Second, Howard argues that in rejecting his claim of disabling pain, the Board's decision is not supported by substantial evidence and is based on an error of law. Finding these arguments unpersuasive, we affirm.

A

Howard challenges as unsupported by substantial evidence the Board's conclusion that he can perform certain light and sedentary work because the Board favored the RFC assessment of Dr. Uy, a physician who did not examine Howard but only reviewed his case file, over the RFC assessments of Dr. Hardin, a treating physician, and Dr. Apgar, an examining physician. Howard pursues this argument via two routes.

He first contends that in evaluating the record evidence the Board was required to accord substantial deference to the medical opinion of his treating physician; however, the Board must afford a treating physician's medical opinion substantial deference only if the opinion is supported by sufficient medical data. *See Duffy v. R.R. Ret. Bd.*, 1991 U.S. App. LEXIS 18833, at *8 (6th Cir. 1991) (quoting *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985)). In rejecting the opinion of Howard's treating physician, the Board found that Dr. Hardin's medical findings of "lumbar spine sprain" and "cervical spine sprain" did not support the level of impairment indicated by his RFC assessment. Moreover, even if we were to find that Dr. Hardin's opinion was entitled to substantial deference, the record as a whole supports the Board's contrary finding by substantial evidence.

Howard further argues that regardless of whether the Board accorded Dr. Hardin's opinion sufficient deference, the Board's RFC determination is not supported by substantial evidence because the Board favored Dr. Uy's assessment over the assessments of Dr. Hardin and Dr. Apgar. Although contrary to the opinions of Dr. Hardin and Dr. Apgar, the Board's decision finds support by substantial evidence in the opinions of other examining physicians. In particular, Dr. Travis indicated that Howard's purported pain level had no identifiable origin. Dr. Tibbs reported that Howard's most recent MRI read "normal" and found no medical explanation for Howard's reported residual symptoms. In favoring Dr. Uy's assessment, the Board did not rely solely on the opinion of a physician who never examined Howard; rather, it resolved a conflict of opinions among examining physicians. In cases such as this one, we will not second-guess the Board's decision when it is supported by substantial evidence. *Rowe*, 114 F. App'x at 191; *Crenshaw*, 815 F.2d at 1067.

B

Howard next contends that in rejecting his claim of disabling pain, the Board's decision is not supported by substantial evidence and is based on an error of law. Howard argues that several factors justify reversing the Board's decision: (1) evidence of Howard's muscle spasms; (2) Dr. Boykin's opinion that Howard's back pain caused urinary retention problems; (3) Howard's chronic use of pain medication; and (4) his demeanor at the hearing.

We do not agree. The record is replete with evidence that contravenes Howard's contentions of disabling pain, including doctors' opinions that objective medical findings do not support Howard's medication level and that Howard expressed more interest in medication than in treatment for his symptoms.[1] Reviewing these medical opinions in the context of the entire record, we are satisfied that the Board's decision is supported by substantial evidence.

Relying on *Lambert v. Railroad Retirement Board*, 929 F.2d 1197, 1201 (7th Cir. 1991), and *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989), Howard further argues that the Board committed an error of law because "if medical evidence establishes an objective basis of some degree of the symptoms and no evidence affirmatively suggests the claimant is malingering, the [Board's] failure to consider a claimant's subjective complaints of pain must be supported by 'clear and convincing evidence.'" Petr.'s Br. 24. Howard's argument is unpersuasive. No Sixth Circuit opinion cites either of these cases or sets forth that rule, and even under such a rule, Howard's argument would still fail. First, record evidence undercuts Howard's pain claims. Dr. Briggs explicitly noted that Howard was not interested in treatment, and Dr. Granacher suggested that Howard showed signs of symptom magnification. Second, contrary to Howard's assertion, the Board clearly considered Howard's subjective complaints of pain. In weighing these complaints against

---

[1]Specifically, Dr. Travis reported that he was "appalled by the amount of narcotics [Howard] is taking . . . in the absence of objective findings" that would support his medication level. Dr. Granacher reported that Howard exhibited signs of symptom magnification and doctor-shopping for pain medication. Dr. Freimark noted that Howard declined to proceed with treatment and testing options and that, based on a physical exam and MRI, "he is not a candidate to be maintained on narcotics at this time."

the extensive record evidence and Howard's demeanor at his hearing, however, the Board determined that Howard does not suffer from disabling pain.

IV

The petition is denied, and the decision of the Board is affirmed.