**Frank C. GUTIERREZ, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 89–3490.

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs July 24, 1990.

Decided Aug. 22, 1990.

█

---

John A. McNally, III, McLaughlin, McNally & Carlin, Youngstown, Ohio, for petitioner.

Steven A. Bartholow, Edward S. Hintzke, Michael C. Litt, U.S. Railroad Retirement Bd., Chicago, Ill., for respondent.

Before KRUPANSKY and BOGGS, Circuit Judges; and JOINER, Senior District Judge.*

---

* The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of

PER CURIAM.

In 1986, petitioner Frank C. Gutierrez applied for a disability annuity from the Bureau of Retirement Claims of the Railroad Retirement Board (the Board). His application was denied. Gutierrez appealed this decision to the Board's Bureau of Hearings and Appeals in 1988. The Bureau determined that the appeal was untimely, and that no good cause existed for the untimeliness. Gutierrez appealed this decision to the Board itself, which affirmed the decision of the Bureau.

Gutierrez petitioned this court to review the decision of the Board and to reinstate his appeal. We hold that substantial evidence on the record as a whole supports the Board's determination that his appeal was untimely. Since Gutierrez's appeal was untimely, we have no jurisdiction to review the Board's refusal to allow his appeal. Accordingly, we dismiss his petition for lack of jurisdiction.

I

On February 26, 1986, Gutierrez applied for a disability annuity under the Railroad Retirement Act (the Act). The Bureau of Retirement Claims denied Gutierrez's application initially, and upon reconsideration on September 9, 1986. A copy of the September 9 order was mailed to Gutierrez. Under the Act, Gutierrez had 60 days in which to file an appeal from that decision; that 60-day period expired on November 8, 1986.

On December 10, 1986, Gutierrez's counsel wrote the Board, confirming that Gutierrez's "appeal" was filed on July 9, 1986. A request for reconsideration had been filed on July 9, 1986, but no appeal dated that date is in the record. Indeed, there was no final Bureau of Retirement Claims order to appeal from until September 9.

On February 9, 1987, the Bureau of Retirement Claims, in response to this letter, sent Gutierrez's counsel a copy of the decision on reconsideration, dated September 9,

Michigan, sitting by designation.

1986. Gutierrez also suggests that he appealed the reconsideration decision on December 10, 1986, but there is no evidence in the record to support this claim. Gutierrez's counsel's letter of this date does not suggest that Gutierrez is appealing from the reconsideration decision of September 9.

Between February 17, 1987 and July 19, 1988, the record indicates that Gutierrez had requested and been provided with an appeal form on a number of occasions, but that, possibly through the error of either Gutierrez's counsel or Board personnel,[1] an appeal had never actually been filed.

On July 19, 1988, Gutierrez's counsel wrote the Youngstown office, inquiring about the status of Gutierrez's case. The Youngstown office sent another appeal form. On August 4, 1988, Gutierrez filed an appeal form with the Bureau of Hearings and Appeals. On September 29, 1988, an appeals referee acknowledged receipt of the appeal and requested an explanation from Gutierrez as to why the appeal was late. On October 19, Gutierrez stated that he was "never notified of the original decision" and that "a former employee of the Youngstown District Office directly contributed to this confusion."

On November 21, the appeals referee dismissed the appeal as untimely, finding that no good cause for a late filing existed. Gutierrez appealed this decision to the Board itself, which affirmed the dismissal on April 13, 1989. Gutierrez filed a petition for review of this decision in this court.

## II

■ The Board has promulgated regulations concerning the time period for review of decisions:

(b) *Appeal from a reconsideration decision.* Appeal from a reconsideration decision by the Bureau of Retirement Claims or the Bureau of Compensation and Certification shall be made by filing the form prescribed by the Board for such purpose [HA–1]. Such appeal must be filed with the Bureau of Hearings and Appeals within 60 days from the date upon which notice of the reconsideration decision is mailed to the claimant.

20 C.F.R. § 260.5(b). Thus, an appeal to the Bureau of Hearings and Appeals from a reconsideration decision must be filed within 60 days. An appeal may be taken only from a reconsideration decision. 20 C.F.R. § 260.5(a). The Bureau of Hearings and Appeals determined that Gutierrez had not filed an appeal from the decision upon reconsideration within 60 days. We hold that substantial evidence indicates that Gutierrez's appeal to the Bureau of Hearings and Appeals was untimely. *See Chandler v. United States Railroad Retirement Board,* 713 F.2d 188, 189 (6th Cir.1983).

The only documented appeal in the record was that made on August 4, 1988. Gutierrez suggests that he had filed an appeal with the Bureau at various times prior to August 4, but these suggestions are wholly unsupported by the record. Accordingly, we find that the Board's determination that Gutierrez filed an untimely appeal on August 4, 1988 is supported by substantial evidence.

## III

■ In his petition for review, Gutierrez contends that he has demonstrated good cause for filing an untimely appeal, specifically alleged errors committed by Board personnel, and that his appeal to the Bureau of Hearings and Appeals thus should be reinstated. The Board's regulations allow an untimely filing to be accepted for good cause. 20 C.F.R. 260.3(d). However, we hold that substantial evidence also supports the Board's determination that his appeal was untimely, and we are thus without jurisdiction to review the Board's refusal to allow an untimely appeal.

---

**1.** In an earlier filing with the Board, Gutierrez suggested either that he filed an appeal with an employee in the Board's Youngstown office, who then mishandled the appeal, or that this employee failed to provide him with the correct appeal form. A letter from the district manager of the Youngstown office indicated that there was a "mixup" and apologized "for any misunderstanding possibly created by a Board employee." However, there is no other evidence in the record to support this suggestion.

This court has jurisdiction to review final decisions of the Board under the provisions as set forth at 45 U.S.C. § 355. 45 U.S.C. § 231g; *Chandler v. United States Railroad Retirement Board,* 713 F.2d 188, 189 (6th Cir.1983). 45 U.S.C. § 355(f) provides that final decisions of the Board may be reviewed in the courts of appeals "only after all administrative remedies within the Board will have been availed of and exhausted...." Such exhaustion is a jurisdictional prerequisite to review in the courts of appeals. 45 U.S.C. § 355(c).

Even if the Board's refusal to allow Gutierrez's untimely appeal is a final decision under 45 U.S.C. § 355(c), which is not at all clear, *see Steebe v. United States Railroad Retirement Board,* 708 F.2d 250, 254–55 (7th Cir.1983), his failure to file a timely appeal constitutes a failure to exhaust the administrative remedies within the Board. *Mahoney v. Railroad Retirement Board,* 194 F.2d 752, 754–55 (7th Cir.1952); *Weber v. Railroad Retirement Board,* [740 F.2d 972 (table) ] (7th Cir.1984) (unpublished order). Accordingly, we are without jurisdiction under 45 U.S.C. §§ 355(c) and 355(f) to review the Board's action. *Gregory v. Railroad Retirement Board,* 201 F.2d 52 (6th Cir.1952); *Mahoney,* 194 F.2d at 754–55; *Weber,* [740 F.2d 972 (table) ] Thus we DISMISS Gutierrez's petition for review.