**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LOIS S. HARRIS,
Petitioner,

v.

No. 98-2335

UNITED STATES RAILROAD
RETIREMENT BOARD,
Respondent.

On Petition for Review of an Order
of the United States Railroad Retirement Board.
(97-AP-0142)

Argued: September 22, 1999

Decided: November 29, 1999

Before HAMILTON and TRAXLER, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Petition for review dismissed by published opinion. Judge Goodwin
wrote the opinion, in which Judge Hamilton and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Robert M. Chandler, Jr., EARLY & CHANDLER, Rocky
Mount, North Carolina, for Petitioner. Karl Theodore Blank, III, Gen-
eral Attorney, RAILROAD RETIREMENT BOARD, Chicago, Illi-
nois, for Respondent. **ON BRIEF:** Walter J. Early, EARLY &
CHANDLER, Rocky Mount, North Carolina, for Petitioner. Steven

A. Bartholow, Deputy General Counsel, RAILROAD RETIREMENT BOARD, Chicago, Illinois, for Respondent.

_____

**OPINION**

GOODWIN, District Judge:

Petitioner Lois S. Harris petitions for review of the Railroad Retirement Board's (Board) decision refusing to reopen her case because her appeal was untimely filed without good cause. We lack jurisdiction and dismiss the petition for review.

I.

On February 24, 1994, Harris applied for a total and permanent disability annuity under the Railroad Retirement Act (RRA). The Board denied her application initially and upon reconsideration.

Under the relevant provisions of the Code of Federal Regulations, Harris was required to file an appeal, if any, with the Bureau of Hearings and Appeals within sixty days of the Board's decision denying her application on reconsideration. Harris did not file her appeal until fourteen months after the decision. A hearings officer dismissed the appeal as untimely without good cause, and the Board affirmed the dismissal on September 11, 1997. This petition followed.

In their initial briefs, the parties extensively discussed the issue of whether good cause existed for the late appellate filing with the Board. In an affidavit accompanying the late appeal to the Board, Harris's attorney explained that his client had timely signed the appellate documents and that the tardy filing was entirely his fault. Harris urges the court to reverse the Board, arguing that her attorney's error was sufficient cause to waive the timeliness requirement. The Board disagrees, urging the court to affirm the Board's finding that these circumstances did not excuse the late filing.

On September 2, 1999, the court ordered the parties to submit supplemental briefs addressing whether the court has jurisdiction to reverse the Board's determination pursuant to 45 U.S.C. § 355(f).

2

II.

The Board has promulgated regulations that set forth administrative steps that a claimant must follow to claim benefits and, if desired, to receive internal review of decisions.[1]  At the first step, the Board's Bureau of Disability and Medicare Operations decides a claim for disability benefits under the RRA. 20 C.F.R. § 260.1(a)(1). If the claim is denied, a second step gives a claimant "the right to file a request for reconsideration of an initial decision" of the Board within sixty days after receiving notice of the decision. Id. § 260.3(a), (b). The claimant may further appeal the decision upon reconsideration by filing an appeal with the Bureau of Hearings and Appeals within sixty days after receiving notice of the reconsideration decision. Id. § 260.5(a), (b). Finally, the claimant has a right to a final appeal to the Board from the decision of the hearings officer. Id. § 260.9.

If the claimant fails to file timely an appeal at any step in the administrative process, the Board's decision becomes final. Id. § 261.1(b). Here, when Harris failed to file a timely appeal within sixty days of the Board's decision denying her application on reconsideration, the decision denying benefits became final.

The hearings officer possessed the authority to waive the timeliness requirement and reopen Harris's case if he found good cause for the late filing of her appeal. Id. § 260.5(c). Section 260.3(d) sets forth the applicable standards for good cause and provides as an example:

> (5) An unusual or unavoidable circumstance existed which demonstrates that the claimant would not have known of the need to file timely or which prevented the claimant from filing in a timely manner.

Id. § 260.3(d).

_____

[1] The RRA and the Railroad Unemployment Insurance Act (RUIA) grant the Board authority to promulgate regulations specifying the procedure for pursuing administrative claims within the agency. 45 U.S.C. § 231f(b)(5); id. § 355(b). These regulations are codified at 20 C.F.R. Part 260.

3

Harris argues that her attorney's error is good cause to waive the timeliness requirement because it was an unavoidable circumstance that prevented her from filing in a timely manner.

III.

Although the Board's decision fails to take into account this circuit's general preference that a blameless party not be disadvantaged by the procedural errors or neglect of her attorney, see, e.g., Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp. , 843 F.2d 808, 811 (4th Cir. 1988); see also Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997), we cannot reach or decide the issue. This court is without jurisdiction to review the Board's determination not to reopen Harris's case.

Section 8 of the RRA, 45 U.S.C. § 231(g), incorporates by reference the provisions pertaining to judicial review set forth in Section 355(f) of the RUIA, 45 U.S.C. § 355(f). Under 45 U.S.C. § 355(f), courts may only review decisions of the Board that are "final decision[s] under subsection (c) [of 45 U.S.C.§ 355]" and "only after all administrative remedies within the Board will have been availed of and exhausted."[2]

_____

[2] 45 U.S.C. § 355(f) provides in pertinent part:

> Any claimant, or any railway labor organization organized in accordance with the provisions of the Railway Labor Act..., of which claimant is a member or any base-year employer of the claimant, or any other party aggrieved by a final decision under subsection (c) of this section, may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review of any final decision of the Board by filing a petition for review within ninety days after the mailing of notice of such decision to the claimant or other party, or within such further time as the Board may allow, in the United States court of appeals for the circuit in which the claimant or other party resides or will have had his principal place of business or principal executive office, or in the United States Court of Appeals for the Seventh Circuit or in the United States Court of Appeals for the District of Columbia.

4

Subsection (c) of 45 U.S.C. § 355 provides a detailed list of decisions that are reviewable by the courts of appeals, including a final decision of the Board denying an employee's claim for benefits in which the petitioner has exhausted her administrative remedies. Here, Harris failed to exhaust her administrative remedies as required by subsection (f).[3] The question before us is whether the Board's decision declining to reopen Harris's case was a final decision on the merits of a claim under subsection (c). We find that it was not.

The circuits that have addressed this issue are in disagreement. The Tenth, Sixth and Seventh Circuits have held that, absent a constitutional question raised by the refusal to reopen, the courts of appeals lack jurisdiction to review the Board's decision not to reopen a case. Abbruzzese v. Railroad Retirement Bd., 63 F.3d 972, 974 (10th Cir. 1995); Gutierrez v. Railroad Retirement Bd., 918 F.2d 567, 570 (6th Cir. 1990); Steebe v. United States R.R. Retirement Bd., 708 F.2d 250, 254-55 (7th Cir.), cert. denied, 464 U.S. 997 (1983). The Eighth and Second Circuits have held that a Board's decision not to reopen a case is reviewable under an "abuse of discretion" standard of review. Sones v. United States R.R. Retirement Bd., 933 F.2d 636, 638 (8th Cir. 1991); Szostak v. Railroad Retirement Bd., 370 F.2d 253, 254-55 (2d Cir. 1966). The First Circuit declined to reach the issue, but assumed arguendo that it possessed jurisdiction to review and found that the Board did not abuse its discretion in failing to reopen the petitioner's case. Clifford v. United States R.R. Retirement Bd., 3 F.3d 536, 538 (1st Cir. 1993).

We agree with the Tenth and Seventh Circuits, which have found the United States Supreme Court's decisional rationale in Califano v. Sanders, 430 U.S. 99 (1977), a social security case, to be applicable to a Board decision not to reopen a case.[4]  See, e.g., Abbruzzese, 63

_____

**3 See Gutierrez v. Railroad Retirement Bd.**, 918 F.2d 567, 570 (6th Cir. 1990). Harris forfeited her two remaining opportunities for administrative review by failing to timely file her appeal.
**4** Because of similarities and overlapping authority between the Social Security Act and the RRA, "it is the accepted practice to use social security cases as precedent for railroad retirement cases." Burleson v. Railroad Retirement Bd., 711 F.2d 861, 862 (8th Cir. 1983); see Abbruzzese, 63 F.3d at 974.

5

F.3d at 974; <u>Steebe</u>, 708 F.2d at 255. In <u>Sanders</u>, the Court held that neither the Administrative Procedure Act nor Section 205(g) of the Social Security Act grant federal courts subject matter jurisdiction to review a decision not to reopen a claim for Social Security benefits. <u>Sanders</u>, 430 U.S. at 107-08. With respect to the Social Security Act, the Court reasoned:

> [Section 205(g)] clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing." But a petition to reopen a prior final decision may be denied without a hearing... Indeed, the opportunity to reopen final decisions and any hearing convened to determine the propriety of such actions are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits... Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims.

<u>Id.</u> at 108.**5**

The Social Security Act limits judicial review to particular types of agency action -- a final decision of the Secretary made after a hearing. Similarly, the RRA and the RUIA limit judicial review to particular types of agency action -- final decisions under 45 U.S.C. § 355(c) in which the petitioner has exhausted administrative remedies.

_____

**5** Interestingly, on August 14, 1997, the Social Security Administration circulated a memorandum to all levels of adjudication that provided its decision makers with an extensive definition of good cause, to be applied in various situations, including "[w]henever a person does not meet a specific time limit." Section (5) of the memorandum states that good cause exists for not meeting a specific time limit when "[t]he individual thought his/her representative had filed the appeal."

As with the Social Security Act, the RRA and RUIA do not provide for the reopening of final decisions. The decision whether to reopen a petitioner's case stems solely from the Board's regulation, 20 C.F.R. § 260.5(c). Allowing judicial review of an agency action not specifically provided for by statute would impermissibly expand the jurisdiction of this court. This court may not base its jurisdictional predicate on the authority of an administrative agency instead of on the authority of the United States Congress.

Finally, Harris is correct in noting that there is an exception to the bar to judicial review that applies when the refusal to reopen is challenged by colorable constitutional claims. See Sanders, 430 U.S. at 109; Abbruzzese, 63 F.3d at 974. However, we find that the Sanders exception is not applicable here because there was no constitutional deprivation. See, e.g., Holloway v. Schweiker, 724 F.2d 1102, 1104 (4th Cir.) (finding no Sanders exception when social security claimant failed to timely petition for reopening of his claim), cert. denied, 467 U.S. 1217 (1984).

IV.

For the foregoing reasons, we find that we lack jurisdiction to review the Board's decision not to reopen Harris's case. The petition for review is

DISMISSED.

7