United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2003**

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 28, 2003
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60038
_____

ARTHUR R. ROBERTS,

Petitioner,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

Respondent.

_____

Petition for Review of an Order of the
Railroad Retirement Board
_____

Before JOLLY, SMITH, and EMILIO M. GARZA , Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Arthur R. Roberts seeks review of the Railroad Retirement
Board's refusal to reopen the denial of his first application for
a disability annuity. Because we find that we have no jurisdiction
to review the Board's refusal to reopen prior claims for benefits,
we dismiss this appeal.

I.

Pursuant to the Railroad Retirement Act (RRA) and the Railroad
Unemployment Insurance Act (RUIA), Roberts filed an application for
a disability annuity on October 30, 1996. His application was
initially denied on April 1, 1997. Reconsideration was denied on

July 22, 1997. Roberts appealed that decision to the Bureau of Hearings and Appeals. His appeal was denied on September 21, 1998. Roberts appealed the hearing officer's decision to the Board. The Board denied his appeal on April 6, 1999. Roberts did not appeal that decision to any court, and the decision became final.

Roberts filed a second application for a disability annuity on May 5, 2000. His application was initially denied and denied again on reconsideration. He once again appealed to the Bureau of Hearings and Appeals. The hearing officer found that Roberts was entitled to a disability annuity effective October 1, 1999, but denied Roberts a period of disability and refused to reopen the original 1996 claim as Roberts had requested. Roberts appealed this decision to the Board. The Board affirmed the decision. Roberts seeks review of the Board's decision refusing to reopen his 1996 claim.

## II.

This case presents for the first time in this Circuit the question of whether a decision of the Board refusing to reopen a prior claim is reviewable by this court. The RUIA provides for review in the courts of appeals of "a final decision under subsection (c) of this section . . . after all administrative remedies within the Board will have been availed of and exhausted." 45 U.S.C. § 355(f). Subsection (c) refers only to decisions of the Board on the merits of a claim for benefits. 45 U.S.C. § 355(c). Further, the RRA provides that Board decisions "shall be subject to

2

judicial review in the same manner . . . and all provisions of law shall apply in the same manner as [under the RUIA]" except that appeals must be started within a year after a Board decision with respect to, inter alia, an annuity such as the one at issue here. 45 U.S.C. § 231g (incorporating the RUIA, 45 U.S.C. § 351 et seq., by reference).

Roberts asserts that the Board's decision not to reopen his 1996 claim is a final decision under subsection (c). We disagree and join several of our sister circuits in determining that we have no jurisdiction to review the Board's decision not to reopen a prior claim for benefits.

Under the plain language of § 355(f), the jurisdiction of the federal courts of appeals is limited to the review of Board decisions on the merits of a claim for benefits after administrative appeals have been exhausted. The claimant must appeal the Board's decision on the merits within the prescribed time period. There is no provision in the RRA or the RUIA allowing the Board to reopen a prior claim for benefits. Likewise there is no provision providing for federal court review of such a decision. The possibility of reopening a prior application is available only because of the Board's own regulations. 20 C.F.R. § 260.5(c).

Reviewing these provisions, the Fourth, Sixth, Seventh, and Tenth Circuits held that courts of appeals lack jurisdiction to review the Board's decision not to reopen a prior claim. Harris v. R.R. Retirement Bd., 198 F.3d 139, 142 (4th Cir. 1999); Abbruzzese

3

v. R.R. Retirement Bd., 63 F.3d 972, 974 (10th Cir. 1995); Gutierrez v. R.R. Retirement Bd., 918 F.2d 567, 570 (6th Cir. 1990); Steebe v. R.R. Retirement Bd., 708 F.2d 250, 254-55 (7th Cir. 1983). However, the Second and Eighth Circuits did not reach the same conclusion. Each has found such a decision reviewable under the abuse of discretion standard. Sones v. R.R. Retirement Bd., 933 F.2d 636, 638 (8th Cir. 1991); Szostak v. R.R. Retirement Bd., 370 F.2d 253, 254-55 (2nd Cir. 1966).

We find the reasoning of the Fourth, Sixth, Seventh and Tenth Circuits persuasive. Each of those courts found the rationale of the Supreme Court in Califano v. Sanders, 430 U.S. 99 (1977), to be applicable to a Board decision not to reopen a prior application. In Sanders, the Court held that the Social Security Act (SSA) did not grant federal courts jurisdiction to review a decision not to reopen a claim for Social Security benefits. Id. at 107-08. The Court reviewed § 205(g) of the SSA and held that:

> We also agree that § 205(g) cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits.
>
> The pertinent part of § 205(g) provides:
>
>> "Any individual, after any *final decision of the Secretary made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days . . . ." (Emphasis supplied.)
>
> This provision clearly limits judicial review to a particular type of agency action, a "final decision of the Secretary made after a hearing" . . . . Indeed, the

4

opportunity to reopen final decisions and any hearing convened to determine the propriety of such action are afforded by the Secretary's regulations and not by the Social Security Act. Moreover, an interpretation that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose, plainly evidenced in § 205(g), to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits. 20 CFR § 404.951 (1976). Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice.

Sanders, 438 U.S. at 107-08.

The limitation on judicial review in the SSA is similar to the limitation in § 355(f). Federal courts may only review final decisions on the merits of a claim as described in § 355(c) after all administrative remedies have been exhausted and only when the claimant makes a timely appeal. Judicial review of decisions not to reopen old claims for benefits would eviscerate the statutory limit on the time to appeal decisions on the merits explicitly imposed by Congress.

As was the case in Sanders, neither the RRA nor the RUIA provides for the reopening of final decisions. It is a regulation of the Board that provides for that possibility. As the Fourth Circuit held, "[a]llowing judicial review of an agency action not specifically provided for by the statute would impermissibly expand the jurisdiction of this court." Harris, 198 F.3d at 142. Roberts has not pointed to and we cannot find any independent basis for

5

jurisdiction to review the Board's decision not to reopen his 1996 claim.

    For the foregoing reasons, Roberts' petition for review is

DISMISSED.