T.C. Memo. 2019-23

UNITED STATES TAX COURT

WHISTLEBLOWER 15488-17W, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15488-17W.                    Filed March 27, 2019.

<u>Edward H. Arens</u>, for petitioner.

<u>Patricia P. Davis</u>, <u>Amanda L. Myers</u>, <u>Rachel G. Borden</u>, and <u>Julia Ann</u>

<u>Cannarozzi</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  This whistleblower award case is currently before the

Court on respondent's motion to dismiss for lack of jurisdiction.  With respect to

nondiscretionary whistleblower awards, section 7623(b)(4) provides:  "Any deter-

mination regarding an award * * * may, within 30 days of such determination, be

[*2] appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."[1]  Petitioner seeks review of a letter in which the IRS informed him[2] that his claim for an award "was previously denied" and enclosed a copy of the previous determination.  Respondent contends we lack jurisdiction to review this letter because it was not a "determination regarding an award."  Petitioner contends that the letter was a "determination" because the IRS declined to revisit its prior award decision in light of new information that he provided.  Concluding that petitioner has the better side of this argument, we will deny respondent's motion.

## Background

The following facts are derived from the pleadings, the parties' motion papers, and the exhibits and declarations attached thereto.  On January 28, 2014, petitioner filed with the IRS Whistleblower Office (Office) Form 211, Application for Award for Original Information (first application).  The first application con-

[1]All statutory references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.  We round all monetary amounts to the nearest dollar.

[2]The Court granted petitioner's motion to proceed anonymously.  When referring to petitioner, we will employ the masculine pronoun and possessive adjective without intending to create any implications concerning petitioner's gender.

[*3] tained allegations that a specified taxpayer (target) had avoided recognition of discharge-of-indebtedness income by improperly reporting on its Federal income tax return(s) that certain of its affiliates were insolvent. See sec. 108(a)(1)(B). Petitioner represented that he had acquired this information in 2012 and asserted that target's improper reporting resulted in underreporting of its taxable income for 2012.

On September 29, 2016, the Office sent petitioner a determination letter (first letter) denying his claim and informing him: "The claim has been recommended for denial because the information you provided was reviewed as part of an examination, but the examination resulted in no change." The Office told petitioner that his claim had been denied and stated: "This letter is a final determination for purposes of filing a petition with the United States Tax Court. Under I.R.C. § 7623(b)(4), you have 30 days from this determination to file a petition with the Tax Court." Petitioner did not petition this Court within 30 days of the first letter.

In March 2017 petitioner reviewed target's publicly available filings on SEC Forms 10-Q and 10-K. These filings indicated that target, during the third quarter of 2016, had filed amended tax returns for unspecified years and, during the fourth quarter of 2016, had made a tax payment in excess of $50 million to the

[*4] IRS.  The SEC Form 10-K filing also disclosed that target remained subject to IRS examination for 2012 and subsequent years.

Believing that target's tax payment may have been connected to the information he had supplied, petitioner on April 7, 2017, filed with the Office a second Form 211 claiming an award (second application).[3]  The second application, which petitioner styled a "supplemental submission" by checking the appropriate box, identified the same target taxpayer and alleged the same tax violation.  Petitioner stated that he wished to supplement the information in his original claim and did so by setting forth the facts stated in the previous paragraph.  He urged that the Office's denial of his claim was "premature" in light of this new information and stated:  "Because the IRS collected proceeds from * * * [target] based on the amended returns, the Whistleblower Office's finding that the IRS's examination resulted in 'no change' is no longer a basis to deny * * * [petitioner] an award.  The Whistleblower Office should investigate whether * * * [petitioner] contributed to the amendment of * * * [target's] returns and * * * [target's] payment of additional tax."

---

[3]Although petitioner dated the second application March 30, 2017, it was actually submitted to the Office by his attorney on April 7, 2017.

**[\*5]**  On June 15, 2017, the Office sent petitioner a second letter stating:  "We received your request for reconsideration dated March 30, 2017.  Your claim was previously denied.  A copy of that determination is enclosed."  The Office attached to the second letter a copy of its first letter.

On July 17, 2017, petitioner mailed to this Court a petition seeking review of the second letter.  On September 21, 2017, respondent moved to dismiss the case for lack of jurisdiction.  Several rounds of briefing ensued.

## Discussion

The Tax Court is a court of limited jurisdiction, and we must ascertain whether the case before us is one that Congress has authorized us to consider.  See sec. 7442; Estate of Young v. Commissioner, 81 T.C. 879, 881 (1983).  "The Tax Court is without authority to enlarge upon that statutory grant."  Kasper v. Commissioner, 137 T.C. 37, 40 (2011).  With respect to nondiscretionary (i.e., mandatory) whistleblower awards, section 7623(b)(4) provides that "[a]ny determination regarding an award * * * may, within 30 days of such determination, be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)."

In order to decide whether we have jurisdiction, we must consider whether the IRS has made a "determination regarding an award" and whether "a petition

**[\*6]** invoking our jurisdiction over that matter \* \* \* [has been] timely filed."

Whistleblower 26876-15W v. Commissioner, 147 T.C. 375, 378 (2016) (quoting

Comparini v. Commissioner, 143 T.C. 274, 277 (2014)). The parties agree that the

first letter was a "determination" and that the petition was untimely with respect to

it. With respect to the second letter, dated June 15, 2017, the petition was timely:

Because July 15 was a Saturday, the 30-day period for filing a petition was ex-

tended to the following Monday, July 17, and the petition was mailed to the Court

on that date. See secs. 7502 (timely mailing as timely filing), 7503; Rule

25(a)(2)(B). Thus, the issue we must decide is whether the second letter consti-

tutes a "determination regarding an award."

Our jurisdiction to review a "determination regarding an award" does not

depend on how the document is labeled. See Comparini, 143 T.C. at 278, 281-

283; Cooper v. Commissioner, 135 T.C. 70, 75 (2010) ("[T]he name or label of a

document does not control whether the document constitutes a determination.").

The Office may issue multiple appealable "determinations" with respect to a single

matter. See Myers v. Commissioner, 148 T.C. 438, 444 (2017) ("[T]he Whistle-

blower Office may issue multiple determinations, on any of which our jurisdiction

\* \* \* may be based."); Comparini, 143 T.C. at 283; sec. 301.7623-4(d)(2), Proced.

& Admin. Regs. Thus, the fact that the first letter was titled a "final determina-

**[\*7]** tion" did not prevent the Office from issuing a subsequent determination regarding petitioner's claim that would create jurisdiction in this Court.  See sec. 7623(b)(4) (granting this Court jurisdiction over "[a]ny determination regarding an award"); Kasper v. Commissioner (Kasper II), 150 T.C. 8, 13 n.6 (2018) ("[W]e have jurisdiction over any timely petitioned whistleblower determination, not just the first in time."); Comparini, 143 T.C. at 281-283.

In Comparini the Office sent the claimants a series of letters.  The first group of letters stated that the Office had "considered" the application but concluded that the claimants were ineligible for an award because "the information * * * [the claimants] provided did not result in the collection of any proceeds." Comparini, 143 T.C. at 275-276.  These letters did not explicitly use the word "determination."

The claimants then apparently supplemented their application with additional information, including 300 documents purporting to support and expand their initial claim.  Id. at 276, 284.  The Office replied with a subsequent letter that stated:  "We considered the additional information you provided and determined your claim still does not meet our criteria for an award.  Our determination remains the same despite the information contained in your latest letter."  Id. at 276.

**[\*8]** We held in <u>Comparini</u> that the subsequent letter constituted a "determination," even though the earlier letters may also have constituted "determinations" regarding the same claim. <u>Id.</u> at 280-283. In so holding the Court relied chiefly on the text of the subsequent letter, noting that it "contained a statement on the merits of petitioners' whistleblower claim, referred for the first time * * * to a 'determination' made on that claim, and did not indicate that further administrative procedures were available to petitioners." <u>Id.</u> at 279. The concurring opinion, joined by six Judges, emphasized that the claimants had supplemented their claim with additional information, which the Office stated that it had considered. The concurring Judges thought it "reasonable to regard * * * [the claimants] as having made a new, additional, or supplemental claim" and to treat the Office as having made a subsequent "determination" concerning that claim. <u>Id.</u> at 291 (Halpern and Lauber, JJ., concurring).

We followed <u>Comparini</u> in <u>Myers v. Commissioner</u>, 148 T.C. 438. The claimant there received a determination letter dated March 13, 2013, denying his claim. He continued to correspond with the Office thereafter, sometimes submitting additional material regarding his claim. <u>Id.</u> at 440. The Office issued him four subsequent letters between November 2013 and March 2014. Three of these letters included text substantially identical to that used by the Office in <u>Comparini</u>,

[*9] stating: "We considered the additional information you provided and determined your claim still does not meet our criteria for an award. Our determination remains the same despite the information contained in your latest letter." Ibid. One of the four letters resembled the Office's subsequent letter here, stating: "This letter is in regard to your correspondence dated February 20, 2014, concerning your claim for award. We closed your claim for award on March 13, 2013. I am enclosing a copy of the letter for your information." Id. at 441. In Myers we found that "each of the five letters * * * reflects an appealable determination under section 7623(b)." Id. at 445.

In the case at hand, petitioner's second application contained information that was not available to him on September 29, 2016, when the Office issued its first letter. This information consisted of representations, derived from target's subsequent SEC filings, that target's 2012 tax year remained under IRS examination, that target had filed amended returns for certain years, and that target had made to the IRS an additional tax payment in excess of $50 million.

The statement attached to petitioner's second application indicated his belief that this information was relevant in two respects. His first application had alleged a tax law violation during target's 2012 tax year. In noting target's disclosures that its 2012 tax year remained under IRS examination and that it had made a

[*10] large payment to the IRS, petitioner appeared to question the factual predicate for the denial of his claim, i.e., that his information "was reviewed as part of an examination, but the examination resulted in no change."

Alternatively, if target's 2012 examination had resulted in no change, petitioner contended that target may have filed amended returns and paid additional tax as a result of the information he had supplied. In certain circumstances tax paid with an amended return may constitute "proceeds collected" within the meaning of section 7623(b)(1). See sec. 301.7623-2(d)(3), Proced. & Admin. Regs.

In form, the Office's second letter did not purport to make a new determination but simply enclosed a copy of its previous determination. In substance, however, its decision to stand by its initial determination necessarily entailed the assertion that target's filing of amended returns and payment of additional tax had no connection to the information petitioner had provided in his Forms 211. The Office's second letter is thus hard to distinguish from the subsequent letters we found to constitute "determinations" in Comparini and Myers, where the Office informed each claimant that "our determination remains the same despite the in-

**[\*11]** formation contained in your latest letter."[4] In effect that is exactly what the Office told petitioner here.

In sum, under the principles enunciated in <u>Comparini</u> and <u>Myers</u>, we conclude that the Office's second letter constituted a "determination regarding an award" sufficient to confer jurisdiction upon this Court. We have no occasion here to consider the outer limits of our jurisdiction over whistleblower cases because the Office's second letter fell squarely within the universe of communications that we have previously held to constitute "determinations." Petitioner supplied new information, not available to him when the Office initially denied his claim, that arguably called into question the basis the Office had enunciated for denying his claim. By dismissing the relevance of that new information, the Office made a determination regarding his claim. He is entitled to seek judicial review of that determination.[5]

---

[4]Unlike the subsequent letters in <u>Comparini</u> and <u>Myers</u>, the Office's second letter to petitioner did not say explicitly that it had "considered the additional information you provided." But our decision as to whether a letter constitutes a "determination" must be based on its substance. If a communication is a "determination" in substance, the Office cannot produce a different outcome by omitting to state that it considered the information it received.

[5]This conclusion derives support from a recent opinion of the U.S. Court of Appeals for the D.C. Circuit, to which our whistleblower cases are normally appealable. <u>See</u> sec. 7482(b)(1) (penultimate sentence); <u>Kasper II</u>, 150 T.C. at 11 n.1

(continued...)

**[*12]** To reflect the foregoing,

<u>An order will be issued denying respondent's motion to dismiss for lack of jurisdiction</u>.

---

[5](...continued)
(slip op. at 6 n.1). In <u>Stovic v. R.R. Ret. Bd.</u>, 826 F.3d 500, 502 (D.C. Cir. 2016), that court held that the Railroad Retirement Board's denial of a request to review a previously denied claim for benefits was a "final decision of the Board" subject to judicial review under 45 U.S.C. sec. 355(f) (2012).  Here, the Office's second letter to petitioner amounted to a refusal to revisit its initial adverse determination despite his submission of newly discovered evidence.  Although the statutory schemes of section 7623(b) and the Railroad Retirement Act are somewhat different, the <u>Stovic</u> opinion supplies analogous support for our conclusion that the Office's second letter constituted a "determination" that is subject to judicial review.