# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-60702
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
April 17, 2019

Lyle W. Cayce
Clerk

MANFREDO M. SALINAS,

     Petitioner

v.

UNITED STATES RAILROAD RETIREMENT BOARD,

     Respondent

————

Petition for Review from an Order of the
United States Railroad Retirement Board
Agency No. 16-AP-0038

————

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Petitioner Manfredo Salinas ("Salinas") seeks review of a decision by the United States Railroad Retirement Board ("Board") refusing to reopen the denial of his previous application for a disability annuity under the Railroad Retirement Act, 45 U.S.C. § 231 *et seq*. Under our circuit precedent, we lack jurisdiction to review the Board's decision not to reopen Salinas' prior case.

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60702

On February 28, 2006, Salinas applied for a disability annuity under 45 U.S.C. § 231a(a)(1), which was denied by the Board's Disability Benefits Division on August 28, 2006. On November 30, 2006, Salinas untimely sought reconsideration, which the Board's Reconsideration Section denied, concluding Salinas had not shown good cause for the untimely filing. Salinas did not pursue further administrative appeal, and the denial became a final decision of the Board for reopening purposes on February 9, 2007.

On December 26, 2013, Salinas filed a new application for a disability annuity. The Board granted him an annuity, but Salinas appealed the annuity's beginning date and amount. On February 15, 2015, during that appeal, Salinas asked the Board to reopen all its decisions on his prior applications, including the decision denying his February 28, 2006 application. A Board hearing officer conducted an oral hearing and concluded that Salinas' 2006 application was beyond the four-year timeframe for reopening based on new and material evidence or administrative error under the Board's regulations. *See* 20 C.F.R. § 261.2. Salinas now petitions this court to review the Board's decision not to reopen his 2006 application.[1]

Under the Railroad Retirement Act and the Railroad Unemployment Insurance Act, 45 U.S.C. § 355(f), a petitioner may obtain review of certain final Board decisions in federal circuit courts. "Under the plain language of § 355(f), the jurisdiction of the federal courts of appeals is limited to the review of Board decisions on the merits of a claim for benefits after administrative appeals have been exhausted." *Roberts v. R.R. Retirement Bd.*, 346 F.3d 139, 140 (5th Cir. 2003). Salinas argues that the Board's decision not to reopen his

---

[1] Salinas fails to brief whether the Board erred in determining his annuity's beginning date and amount. He has therefore abandoned any appeal of those issues. *See Milligan v. Erath Cty., Tex.*, 95 F.3d 52 (5th Cir. 1996).

2

2006 application qualifies as a final, reviewable decision under section 355(f). He acknowledges, however, that this argument is precluded by our 2003 decision in *Roberts v. U.S. Railroad Retirement Board*. In *Roberts*, we "joined several of our sister circuits in determining that we have no jurisdiction [under section 355(f)] to review the Board's decision not to reopen a prior claim for benefits." *Id.* at 140; *see also id.* at 141 (joining *Harris v. R.R. Retirement Bd.*, 198 F.3d 139, 142 (4th Cir. 1999); *Abbruzzese v. R.R. Retirement Bd.*, 63 F.3d 972, 974 (10th Cir. 1995); *Gutierrez v. R.R. Retirement Bd.*, 918 F.2d 567, 570 (6th Cir. 1990); *Steebe v. R.R. Retirement Bd.*, 708 F.2d 250, 254–55 (7th Cir. 1983)). We acknowledged a circuit split on this issue. *See Roberts*, 346 F.3d at 141 (recognizing divergent conclusions in *Sones v. R.R. Retirement Bd.*, 933 F.2d 636, 638 (8th Cir. 1991), and *Szostak v. R.R. Retirement Bd.*, 370 F.2d 253, 254–55 (2nd Cir. 1966)). But we sided with the majority of circuits that had found no jurisdiction to review a Board decision declining to reopen a prior benefits claim. *Roberts*, 346 F.3d at 141 ("find[ing] the reasoning of the Fourth, Sixth, Seventh and Tenth circuits persuasive" in light of *Califano v. Sanders*, 430 U.S. 99 (1977)).

Despite *Roberts*, Salinas invites us to follow the D.C. Circuit's recent decision in *Stovic v. Railroad Retirement Board*, 826 F.3d 500 (D.C. Cir. 2016). *Stovic* joined the minority of circuits in holding that "the Railroad Retirement Act grants the [circuit] Court jurisdiction to review Board decisions denying requests to reopen initial benefits determinations." *Id.* at 502; *see also id.* at 504 (disagreeing with majority of circuits, including *Roberts*). We are not at liberty to accept Salinas' invitation to ignore *Roberts*, which established our circuit's controlling precedent on this issue. The rule of orderliness prevents this panel from reconsidering that decision. *See, e.g., Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 591 (5th Cir.), *cert. denied*, 138 S. Ct. 101 (2017).

The petition is DISMISSED.